UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHN DATZKO,

    Plaintiff,                                CIVIL ACTION NO. 13-13559

  v.                                     DISTRICT JUDGE GERALD E. ROSEN
                                           MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

II.    **REPORT**

    A.    **Introduction and Procedural History**

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on September 16, 2010, alleging that he had become disabled and unable to work on February 14, 2009, at age 35, due to right shoulder pain. Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held on January 13,

2012, before Administrative Law Judge (ALJ) Ronald Herman. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work where he would not have to do any overhead reaching with his right arm. The ALJ further determined that the claimant could only use his right arm as a helper for his non-dominant left arm. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 37 years old at the time of the administrative hearing (TR 44). He had graduated from high school and had been employed during the relevant past as an ironworker (TR 58). Claimant alleged disability commencing in February 2009, as a result of severe right shoulder pain. Despite three shoulder surgeries, Plaintiff testified that he was unable to work full time due to chronic burning pain radiating down his right arm (TR 46, 47). Claimant explained that he was unable to lift anything over his head (TR 49). He estimated that he could occasionally lift 15 pounds below shoulder level with his right arm (TR 47, 49). Plaintiff allegedly could not afford prescription pain medications. Consequently, he had to depend solely on over-the-counter drugs to help alleviate his right shoulder discomfort (TR 48).

A Vocational Expert, Judith Gasco, classified Plaintiff's past iron work as heavy, skilled activity (TR 58). The witness testified that there were no jobs for claimant to perform

if his testimony were fully accepted[1] (TR 60). If he were capable of sedentary work, however, there were numerous unskilled small truck driving, valet parking, escort driving and surveillance monitor jobs that he could perform with minimal vocational adjustment (TR 59). These jobs could be performed primarily using the non-dominant left arm, with the right arm used only as a helper. There would be minimal need to do any overhead reaching with the right upper extremity (TR 58).

### B.     ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as result of status post multiple surgeries of the right shoulder, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's right shoulder pain limited him to jobs that allowed him to use the dominant right arm only as a helper for the left arm. He also could not perform any overhead reaching with the right arm.   Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 15-19).

### C.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the

---

[1]The witness opined that, if claimant needed to miss at least three days of work each month due to ongoing shoulder pain, all work activity would be precluded (TR 60).

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D. Discussion and Analysis

After review of the record, I suggest that substantial evidence supports the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work where he could perform assignments primarily with his left arm, and with no need to do any overhead reaching with his right arm. Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling

right shoulder pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

The medical evidence revealed that claimant's right shoulder pain did not cause totally disabling functional limitations. The ALJ considered medical evidence showing that Plaintiff had three rather successful shoulder surgeries, two of which were in February and April 2009 (TR 193, 196, 298). By June 2009, Plaintiff's treating physician, Dr. Daniel Middleton, reported that claimant's range of motion was recovering nicely. Shoulder strength, and the ability to functionally move his right shoulder, were increasing (TR 226). By October 2009, Dr. Middleton indicated that Plaintiff's shoulder recovered as well as he could expect, although it would never return to normal (TR 224). Plaintiff told Dr. Middleton that his shoulder was improving, and that he was making great strides (TR 224). While Plaintiff continued to complain of shoulder pain and numbness in February 2010 (TR 275), electrodiagnostic testing that month was essentially normal. In addition, imaging studies of claimant's right shoulder revealed no evidence of new pathology or full thickness tears (TR 275).

Another treating physician, Dr Neal Chen, concluded that Plaintiff could lift upwards of 15 pounds with his right arm (TR 275). Notably, Dr. Chen's opinion was consistent with claimant's own hearing testimony that he could lift up to 15 pounds with his right arm as long as it was below shoulder level (Tr 47). While Dr. Middleton did indicate that Plaintiff should remain off work following his April 2009 surgery (TR 224-227), the ALJ reasonably found that this recommendation was entitled to little weight because it appeared to be a

5

temporary restriction relating to claimant surgical recovery (TR 18). Moreover, as the ALJ noted, Dr. Middleton does not indicate whether Plaintiff was unable to perform any work, or whether he just could not return to work as an iron worker (TR 18, 224-227, 229-230, 235). Finally, the ALJ considered the report from a state agency consultant, Dr. David Brophy, who opined that Plaintiff could perform light work with limited overhead reaching with his right shoulder (TR 63-71). The ALJ gave some weight to Dr. Brophy's opinion, but further limited Plaintiff to sedentary work (TR 17-18). In his brief in support of Summary Judgment, Plaintiff does not dispute the ALJ's evaluation of those medical source opinions.

The ALJ also determined that Plaintiff's statements concerning his daily activities undercut his assertion that he was totally disabled (Tr. 17). An ALJ may consider a claimant's activities in evaluating his assertions of pain or ailments. Cruse v. Commissioner, 502 F.3d 532, 542 (6th Cir. 2007). Two months after his alleged onset date, claimant admitted that he worked 60 hours per week as an iron worker (TR 277). While the ALJ acknowledged that such work was not substantial gainful activity, and that Plaintiff reported that the work was too strenuous for him to maintain (TR 15, 17), the fact that he performed it at all suggested that he was not as limited as he now claims. Moreover, Plaintiff stated that he could care for his four children, play drums, hunt, fish, prepare meals, fold laundry, wash dishes, and care for his dog (TR 158-162). I am persuaded that there is substantial evidence on the record supporting the Law Judge's determination that the claimant retained the residual functional capacity for a limited range of sedentary work accommodating his known functional restrictions caused by his right shoulder pain.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his impairment. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his right shoulder impairment, the Vocational Expert testified that there were numerous unskilled truck driving, valet parking, escort driving and surveillance monitor jobs that he could still perform with minimal vocational adjustment (TR 59). These jobs could be performed primarily using the non-dominant left arm, with the right arm used only as a helper. There would be minimal need to do any overhead reaching with the right upper extremity (TR 58). Given the objective clinical findings of the examining physicians of record, substantial evidence exists on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.   Review**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: December 9, 2014              Unted States Magistrate Judge